IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MOTZIE L. CLAYTON, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 11-623 |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| J. MORGAN, Captain, | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendant's Motion to Dismiss (ECF No. 13) be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

**II. REPORT**

Plaintiff, Motzie L. Clayton, is a Pennsylvania inmate currently is housed at the State Correctional Institution at Greensburg, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against J. Morgan, a guard employed by the Pennsylvania Department of Corrections (DOC), alleging an Eighth Amendment claim with respect to his conditions of confinement. For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

A. Standard of Review

Presently pending is Defendant's Motion to Dismiss (ECF No. 13). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the

1

plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp., 550 U.S. at 555.  *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents.  *Id*. (citations omitted).  In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment.  Spruill v. Gillis 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519,

520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir.1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir.2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir.1996). Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff makes such a request—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### B. Relevant Allegations

Plaintiff alleges the following as against Defendant Morgan. On February 24, 2011, the defendant was the Shift Commander at SCI-Greenburg where one of his responsibilities was to determine whether the exercise yard was safe for prisoner use. At approximately 8:45 a.m., while walking the track in the prison's yard, Plaintiff slipped and fell on black ice which had accumulated on the track. He then was transported to the prison's infirmary, via stretcher; at which time he heard Sgt. Cassidi say, "I told Captain Morgan, not to open the yard due to dangerous icy conditions because somebody was going to get hurt." Plaintiff claims that Defendant Morgan acted with deliberate indifference to his health and safety where, despite the

3

warning from Sgt. Cassidi not to open the prison yard due to the dangerous conditions, Defendant failed to take reasonable steps to abate it, which resulted in his injuries.

Upon arrival at the prison's infirmary, Plaintiff received a shot of Toradol and then was transported to Westmoreland County Hospital. He was diagnosed with a swollen spine and neck; given a shot of Flexiral, ordered x-rays and a CT-Scan; and instructed to rest. He was returned to SCI-Greensburg where he has continued to receive medical treatment for his back condition.

### C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff seeks to invoke liability under the Eighth Amendment, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

Notwithstanding, not every injury raises constitutional concerns. A prison official violates the Eighth Amendment only when two requirements are met. The inmate must show that: 1) he suffered a risk of "serious" harm; and 2) prison officials showed "deliberate indifference" to such risk. *Id.*, 511 U.S. at 834. The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." *Id*. In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Helling v. McKinney, 509 U.S. 25, 35 (1993).

The second criterion, deliberate indifference, requires an inmate to show that the prison official had a sufficiently culpable state of mind. The Supreme Court clarified this deliberate indifference standard in Farmer as follows.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-838 (emphasis added).

Here, Plaintiff fails to allege facts sufficient to support either prong of the required inquiry to support a constitutional violation. With regard to the objective prong, allowing

5

prisoners out on yard during a winter day where ice may be present in the yard simply does not give rise to a substantial risk of serious harm or challenge common standards of decency. Nor do his assertions demonstrate deliberate indifference for purposes of asserting an Eighth Amendment violation. Rather, his allegations sound in negligence, which is not actionable under section 1983. *See, e.g.*, County of Sacramento v. Lewis, 523 U.S. 833 (1998) (motorcyclist's death that resulted from high-speed police chase was not actionable under 42 U.S.C. § 1983); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992) (failure to provide safe work environment did not state a section 1983 claim); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (the state had no constitutional duty to protect a child against beatings by his father even though the state was aware of the father's abuse and had at one time taken custody of the child); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); Betts v. New Castle Youth Development Center, 621 F.3d 249, 258 (3d Cir. 2010) ("Life is fraught with risk of serious harm . . . [b]ut an Eighth Amendment violation may not be predicated on exposure to any risk of serious harm; the risk must be "substantial."); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted).

Plaintiff's claim is the same as that rejected in Hankins v. Beard, Civil No. 1: 07-332, 2009 WL 5821032 (W.D. Pa. Nov. 30, 2009), wherein the Court found as follows.

    d. Ice in the Exercise Yard

Plaintiff claims that, despite his prior complaints regarding "large sheets of ice" in the exercise yard, unspecified DOC Defendants failed to "properly address the matter" and, as a result, Plaintiff fell and injured himself on the ice while being escorted to the exercise yard on December 5, 2005. Accordingly, Plaintiff complains that the DOC Defendants were deliberately indifferent to his health and safety.

Plaintiff's claim in this regard is akin to the claim that was raised by the plaintiff in Reynolds v. Powell, 370 F.3d 1028 (10th Cir. 2004). In Reynolds, the inmate plaintiff slipped and fell on standing water that had accumulated in a depression in the floor outside the prison shower area. The plaintiff in Reynolds alleged that he had warned the defendants about the water problem several times before he was injured, and specifically warned them that he was at a heightened risk because he was required to use crutches as a result of a previous injury. Reynolds, 370 F.3d at 1030. Nevertheless, the Tenth Circuit Court concluded that, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large .... Consequently, we conclude, as a matter of law, that the hazard encountered by plaintiff was no greater than the daily hazards faced by any member of the general public who is on crutches, and that there is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." *Id*. at 1030, 1032. *See also* LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment") (quotation omitted); Denz v. Clearfield County, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell, despite prison officials alleged knowledge of the hazard); Robinson v. Cuyler, 511 F.Supp. 161, 162-63 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on slippery prison dining hall); Wedemeyer v. City of Williston Unknown Transport Officers, 2007 WL 1855050 (D.N.D. 2007) (dismissing an inmate's complaint that law enforcement personnel were deliberately indifferent to his health by forcing him to wear shower shoes while being transported outside in icy conditions, thus causing him to slip and fall).

Simply stated, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Mitchell v. West Virginia, 554 F. Supp. 1215, 1217 (N.D.W.Va. 1983). Accordingly, the DOC Defendants should be granted summary judgment with regard to Plaintiff's Eighth Amendment claim in this regard.

Hankins v. Beard, 2009 WL 5821032, *10.  *Accord* Brinkley v. Smeal, Civil No. 1: 10-224, 2010 WL 5391276, 5 (M.D. Pa. Dec. 22, 2010) ("Viewing the allegations in a light most favorable to Brinkley, his claim with respect to slipping and falling on ice fails to state an Eighth Amendment claim.").

**III.   CONCLUSION**

Based on the discussion above, it is respectfully recommended that Defendant's Motion to Dismiss (ECF No. 13) be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report.  Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto.  Failure to timely file objections will constitute a waiver of any appellate rights.

                                        /s/ Cynthia Reed Eddy
                                        Cynthia Reed Eddy
February 16, 2012                United States Magistrate Judge

Motzie L. Clayton
JE6539
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601